# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK THOMAS Jr., | ) |
| Plaintiff, | ) Case No. 2:16-cv-02261-JAD-GWF |
| vs. | ) **ORDER** |
| WESTGATE RESORT & CASINO and CAMI CHRISTENSEN | ) Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |
| Defendant. | ) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on September 27, 2016.

## DISCUSSION

**I.    Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from

plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

#### a. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.* 298 U.S. 178, 182–83 (1936). Plaintiff does not state the grounds for the Court's jurisdiction in his complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

#### b. Personal Jurisdiction

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). There are two categories of personal jurisdiction: 1) general jurisdiction; and 2) specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 749, 187 L. Ed. 2d 624 (2014). Specific jurisdiction "encompasses cases in which the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Specific jurisdiction is analyzed under a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident

thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *CollegeSource*, *Inc. v. Academeyone, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Helicopteros,* 466 U.S. at 414-16. A plaintiff must demonstrate that the defendant has sufficient contacts with Nevada to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002). A defendant foreign corporation's affiliations with the forum state must be so "continuous and systematic as to render [it] essentially at home in the forum [s]tate." *Daimler*, 134 S. Ct. at 749. Under jurisdiction, Plaintiff listed "Las Vegas, Nevada," but does not allege that the Defendants are subject to general jurisdiction in Nevada. Nor does he argue that the Court has specific jurisdiction over the Defendants.

### c. Insufficient Legal Theory

Plaintiff's complaint does not sufficiently allege the legal theory under which he is pursuing his claim, nor does Plaintiff's complaint provide the Court with sufficient factual basis for his claims. Although it does appear that Plaintiff seeks to pursue claims of negligence, discrimination, and unlawful termination, Plaintiff's complaint does not provide a sufficient short and plain statement of the facts as required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to satisfy Rule 8(a) is proper if the factual elements supporting a cause of action are scattered throughout the complaint and not organized into a short and plain statement. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). This rule's basic requirements ensure that a complaint will provide a defendant with sufficient notice of the claims against him. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint vaguely refers to a fire during which he allegedly suffered from smoke inhalation and resulting health defects, as well as neglect on the part of Defendants. However, the vast majority of

the complaint is unclear and disjointed and fails to allege Defendants' involvement, if any, in the fire, or any specific incidents of discrimination and factual elements underlying the causes of action. For these reasons, the Court will dismiss Plaintiff's complaint with leave to amend to correct the noted deficiencies.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

. . .

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **June 30, 2017** to file an amended complaint correcting the noted deficiencies.

DATED this 1st day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge