# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK THOMAS JR.,

        Plaintiff,

vs.

WESTGATE RESORT & CASINO and
CAMI CHRISTENSEN

        Defendant.

Case No. 2:16-cv-02261-JAD-GWF

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's Response to the Court's Order to Show Cause (ECF No. 9), filed on August 7, 2017.

Plaintiff, who is proceeding in this action *pro se*, filed a Application for Leave to Proceed *in Forma Pauperis* (ECF No. 1) along with a Complaint (ECF No. 1-1) on September 27, 2017. The Court issued a Screening Order on June 1, 2017 granting Plaintiff *in forma pauperis* status but dismissing Plaintiff's complaint for failure to properly allege that the Court has jurisdiction over his claims and for failure to sufficiently allege a legal theory under which he sought to sue Defendants. *See* ECF No. 2. The Court gave Plaintiff until June 30, 2017 to file an amended complaint that would correct those deficiencies. *Id.* Plaintiff did not file an amended complaint. The Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for his failure to file an amended complaint. *See* ECF No. 6. After a brief extension of time, Plaintiff filed the instant response.

Plaintiff's filing is not responsive to the Court's Order to Show Cause because it does not provide an explanation for why he failed to file an amended complaint. Rather, the response simply states what allegedly happened to him while at Defendant's place of business that prompted Plaintiff

to initiate this lawsuit. Moreover, the Court cannot construe Plaintiff's response to be an amended complaint because it still fails to address the issues raised by the Court in its Screening Order. Plaintiff does not address how the Court has jurisdiction over his claims; nor does he state a legal theory or cause of action. The Court understands that navigating the legal system can be difficult for a *pro se* litigant. Therefore, the Court will allow Plaintiff additional time to file an amended complaint. Plaintiff is advised that he should refer to this Court's Screening Order (ECF No. 2) and correct the deficiencies noted therein.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **August 25, 2017** to file an amended complaint. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified in the Court's Screening Order, the Court will recommend that the complaint be dismissed with prejudice.

DATED this 10th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge