# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK THOMAS JR.,  )
        Plaintiff,  )  Case No. 2:16-cv-02261-JAD-GWF
          )
vs.  )  **ORDER AND REPORT**
          )  **AND RECOMMENDATION**
WESTGATE RESORT & CASINO and  )
CAMI CHRISTENSEN  )
          )
        Defendants.  )

This matter is before the Court on Plaintiff's Motion for 30-Day Extension (ECF No. 11) and Motion to Show Cause (ECF No. 12), filed on August 23, 2017.

Plaintiff, who is proceeding in this action *pro se*, filed a Application for Leave to Proceed *in Forma Pauperis* (ECF No. 1) along with a Complaint (ECF No. 1-1) on September 27, 2017. The Court issued a Screening Order on June 1, 2017 granting Plaintiff *in forma pauperis* status but dismissing Plaintiff's complaint for failure to properly allege that the Court has jurisdiction over his claims and for failure to sufficiently allege a legal theory under which he sought to sue Defendants. *See* ECF No. 2. The Court gave Plaintiff until June 30, 2017 to file an amended complaint that would correct those deficiencies. *Id.* Plaintiff did not file an amended complaint. The Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for his failure to file an amended complaint. *See Response* (ECF No. 6). After a brief extension of time, Plaintiff filed a response. *See* ECF No. 9. The Court advised Plaintiff that his response could not be construed as an amended complaint because it failed to correct the deficiencies addressed in the Court's Screening Order. *See Order* (ECF No. 10). The Court, however, allowed Plaintiff until August 25, 2017 to file an amended complaint.

Plaintiff filed the instant Motion to Show Cause on August 23, 2017. Construing this

motion as an amended complaint, the Court again finds that it is deficient. Plaintiff's motion fails to establish that this Court has jurisdiction over his claims and fails to state any cause of action. Plaintiff is arguably attempting to allege that Defendants were negligent when a fire occurred at Defendant's place of business. However, Plaintiff failed to successfully allege the elements of a negligence claim.[1] Plaintiff was cautioned that failure to cure the deficiencies identified in the Court's Screening Order would result in a recommendation that the complaint be dismissed with prejudice. Therefore, the Court recommends that this matter be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for 30-Day Extension (ECF No. 11) is **denied**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] To state a claim for negligence a plaintiff must establish that: (1) defendant owed a duty to the plaintiff; (2) the defendant breached that duty causing injury to the plaintiff; (3) the breach was the actual cause of the plaintiff's injury; and (4) the injury was a foreseeable consequence of defendant's breach. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev.1995); *see also Prescott v. United States*, 858 F.Supp. 1461, 1471 (D.Nev.1994).